### Mary A. Keehner v. John J. Kinder and Caroline W. Kinder, Executors, etc.

1.    INTEREST—*Right to Claim Waived by an Acquittance.*—If it is the purpose of a person to claim interest on a legacy, he should persist in such claim at the time his receipt and acquittance for such legacy are executed, when by not doing so the right to such claim is waived.

2.    SAME—*Acceptance of the Principal.*—The acceptance of the prin-

cipal, in the face of a questioned or doubtful right to interest, is a sufficient consideration to support a discharge and release of a legacy.

**Bill to Construe a Will.**—Trial in the Circuit Court of Calhoun County; the Hon. HARRY HIGBEE, Judge, presiding. Hearing and decree; appeal. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

ED. J. VAUGHN, attorney for appellant.

The receipt in writing given to the executors by appellant, considered as a waiver and release of her right to collect interest, was without consideration and is void and not binding on appellant and does not estop her in this case. Hayes v. Massachusetts Ins. Co., 125 Ill. 626 (p. 638); Capital City Mutual Fire Ins. Co. v. Detwiler, 23 Ill. App. 656 (p. 659); Martin v. White, 40 Ill. App. 281; Murphy v. Halleran, 50 Ill. App. 594.

T. J. SELBY, attorney for appellees.

Chap. 3, sections 112 to 118, inclusive, provides for the settlement of estates, and the statute should be substantially complied with, and interest is not to be allowed on legacies unless the statute permits it, by virtue of chapter 74, Sec. 2, for some one of the causes there provided.

Interest was not allowed by the common law. It is the creature of the statute alone, and if not authorized by the statute it can not be recovered. City of Pekin v. Reynolds, 31 Ill. 531.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Originally, appellant and others filed a bill in equity to construe the will of Caroline J. Kinder, and it was so construed by the decree of the court that among other provisions of the will, it was declared to have the effect of giving to appellant the sum of $6,000, absolutely, and soon after such decree the executors paid to appellant, and she accepted from them, the sum of $6,000, giving her receipt therefor " in full of the legacy bequeathed to me in and by the said last will and in full discharge and release

Keehner v. Kinder.

thereof." At the time the legacy was paid and the receipt given, appellant's husband, who was managing the business for her, made claim for interest, but was induced to and did waive the claim. Later, when the executors rendered their account in the County Court, appellant preferred a claim for interest upon the legacy paid to her, and the County Court allowed to her $406.64, being interest at the rate of five per cent per annum on $6,000 from December 27, 1896, one year after the death of the testatrix, to May 5, 1898, the date of payment to her of the legacy. An appeal was taken from that order to the Circuit Court where, upon trial, the court allowed interest only from the date of the decree by which the will was construed, April 14, 1898, to May 5, 1898, the time of payment to her of the legacy, amounting to $17.43, from which order appellant prosecutes this appeal, and insists upon a reversal of that order because, as she contends, interest is due to her upon the $6,000, from December 27, 1896, one year after the death of the testatrix, to May 5, 1898, when the principal of the legacy was paid.

As a question of law the right to interest upon a legacy under the circumstances of the case here presented is not clear, and we do not think, in the condition in which we find the record, that the question necessarily arises for decision, and for that reason express no opinion concerning it.

If it was the purpose of appellant to claim interest upon the legacy, she should have persisted in such claim at the time the receipt and acquittance was executed, and not when the subject was mentioned, or her right thereto questioned, have waived her right to such claim. The acceptance of the principal, in the face of a questioned or doubtful right to interest, we think was a sufficient consideration to support the expressed discharge and release contained in the writing executed at that time, and for that reason appellant ought to be and is thereby precluded from further claim.

The judgment of the Circuit Court will be affirmed.